IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT COOKEVILLE

| | | |
|---|---|---|
| KIMBERLY BELL, as Administratrix of <br> The Estate of David Lee Fish II, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | NO. 2:13-cv-0104 |
| v. | ) <br> ) | JURY DEMAND |
| CUMBERLAND COUNTY, TENNESSEE, <br> BUTCH BURGESS, Individually and in his <br> Official Capacity as Sheriff of Cumberland <br> County, TN, and JONATHAN HUMAN, <br> Individually and as an employee of <br> Cumberland County, TN, and as Deputy with <br> the Cumberland County Sheriff's Department, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | JUDGE SHARP |
| Defendants. | ) <br> ) | |

**''''''''''''INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d) of the Local Rules of the United States District Court for the Middle District of Tennessee, the parties submit the following Proposed Initial Case Management Order.

A. JURISDICTION: Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367(a). This Court has jurisdiction over Plaintiff's claims of violation of civil rights pursuant to 42 U.S.C. §1983. This Court has authority to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Defendants deny that this Honorable Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

B. BRIEF THEORIES OF THE PARTIES:

1. <u>Plaintiff Kimberly Bell</u>:

This cause of action arises out of an encounter between David Lee Fish, II, and Defendant Human. The encounter occurred on October 14, 2012, when Defendant Human was dispatched to a trespassing complaint by Lyles Shields. Mr. Shields called Cumberland County 911 and reported a trespassing complaint at his residence at 105 Spooner Drive, Crossville, Tennessee. Mr. Shields was not at the residence at the time he made the 911 call. David Lee Fish, II, had resided at this residence for approximately three (3) years. When Defendant Human arrived at the residence, some type of altercation occurred between he and David Lee Fish, II. During the altercation, Defendant Human shot David Lee Fish, II, seven (7) times, which resulted in the death of David Lee Fish, II.

The acts complained of herein constitute a violation of the constitutional rights of David Lee Fish, II, and various state torts.

2. <u>Defendants Cumberland County, Tennessee, Butch Burgess, and Jonathan Human</u>:

Defendants Cumberland County, Tennessee, Butch Burgess, individually and in his official capacity as Sheriff of Cumberland County, Tennessee, and Jonathan Human, individually and as an employee of Cumberland County, Tennessee, and as a Deputy with the Cumberland County Sheriff's Department, submit the following brief theory of the case based upon Plaintiff's Complaint filed on October 10, 2013.

Defendants did not violate the constitutional rights of David Fish, II, or any right guaranteed to Mr. Fish under Tennessee law. Any injuries alleged in Plaintiff's Complaint are the result of Mr. Fish's own actions, therefore barring Plaintiff from any recovery from

the Defendants. Defendants aver that Mr. Fish violently attacked Deputy Human, causing Deputy Human bodily harm, and that at such time, Deputy Human had probable cause to believe that the actions of Mr. Fish posed an immediate threat of death or serious bodily injury to Deputy Human. It is averred that Deputy Human used necessary and reasonable force against Mr. Fish, and the actions of Deputy Human were reasonable and necessary in order to protect himself and others from Mr. Fish.

Defendants Deputy Human and Sheriff Burgess acted in good faith in discharging their duties and acted reasonably under the circumstances that existed at the time of the complained of incident. Defendants Deputy Human and Sheriff Burgess did not violate any civil rights of Mr. Fish, and they are therefore entitled to qualified immunity from liability in this action. Defendants aver that no act or omission on the part of the employees of Cumberland County violated a clearly established or particularized constitutional right of Mr. Fish. Defendants deny any allegation of inadequate or negligent training, hiring or supervision.

The Defendants assert that there is no vicarious liability or respondeat superior theory of recovery against Cumberland County, Tennessee pursuant to 42 U.S.C. § 1983, and assert that liability under § 1983 may not be imposed on a municipal governmental entity merely because it employed an individual who is alleged to have engaged in some form of unconstitutional conduct. Defendants deny that any alleged violation of the constitutional rights of Mr. Fish was the cause or a result of, an official policy or custom of Cumberland County and aver that the Plaintiff has failed to plead facts to support the claim that a policy or procedure of Cumberland County, Tennessee, caused the alleged injuries.

The claims against Defendants Deputy Human and Sheriff Burgess in their official capacities are essentially claims against Defendant Cumberland County, which is already a named party to this action, and such claims should be dismissed.

Should the Court exercise supplemental jurisdiction over the Plaintiff's state law claims, the same must be in accordance with the Tennessee Governmental Tort Liability Act ("TGTLA"). Defendants are entitled to all defenses and immunities available under the TGLTA. Specifically, Defendants are immune from liability for any alleged injury proximately caused by a negligent act or omission of its employee arising out of the performance of a discretionary function, any intentional act or violation of civil rights.

C. ISSUES RESOLVED: Jurisdiction and venue, except for supplemental jurisdiction over state law claims.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **February 5, 2014**.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **October 1, 2014**. Discovery is not stayed during dispositive motions unless ordered by the Court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery related motions are to be filed in accordance with the practice of the Magistrate Judge who will resolve any disputes.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **July 1, 2014**.

H. DISCLOSURE OF EXPERTS: The Plaintiff shall identify and disclose all expert witnesses and expert reports pursuant to Fed. R. Civ. P. 26 (a)(2) on or before **August 1, 2014**. The Defendants shall identify and disclose all expert witnesses and reports pursuant to Fed. R. Civ. P. 26 (a)(2) on or before **September 1, 2014**. Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before **October 1, 2014**.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **November 14, 2014**.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **December 1, 2014**.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **December 30, 2014**. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed thirty (30) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages.

L. ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in administrative Order No. 174 need not apply to this case.

M. TRIAL DATE AND ESTIMATED TRIAL TIME: The parties expect the trial in the matter to last approximately four (4) days. This action is set for jury trial on **May 19, 2015, at 9:00 a.m. The final pretrial conference is set for Monday, May 4, 2015, at 1:30 p.m.**

It is so ORDERED.

*signature*

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

/s/ Mark Nolan_____
Mark Nolan, BPR No. 015859
Kathryn W. Olita, BPR No. 023075
Counsel for Defendants
121 South Third Street
Clarksville, Tennessee 37040
(931) 6471501

/s/ Richard Brooks_____
Richard Marshall Brooks, BPR No. 4308
Counsel for Plaintiff
130 Third Avenue West
Carthage, TN 37030
(615) 735-0807